UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>        Plaintiff,<br>    v.<br>FOWLER,<br>        Defendant. | Case No. 17-cr-00412-VC-1<br><br>**ORDER GRANTING MOTION FOR COMPASSIONATE RELEASE**<br>Re: Dkt. No. 75 |

      In November of 2019, this Court sentenced Carlita Fowler to sixty months in prison for distributing methamphetamine and conspiring to distribute methamphetamine. Dkt. No. 73. On May 29, 2020, she filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Dkt. No. 75. The motion is granted.

      As a preliminary matter, the Court has authority to consider the merits of Fowler's motion. On April 11, 2020, Fowler emailed the warden to ask if she was "on the COVID-19 home confinement due to [her] chronic asthma & other issues." As she was in prison at the time and certainly not already "on . . . home confinement," the most natural reading of the email is that Fowler wanted the warden to consider her for home confinement. There are two principal mechanisms by which Fowler could be placed in home confinement: First, the BOP could move for compassionate release on Fowler's behalf, and the Court could require home confinement as a condition of release. *See* 18 U.S.C. § 3582(c)(1)(A) (authorizing the court to "reduce the term of imprisonment and . . . impose a term of probation or supervised release with or without conditions," for the remainder of the defendant's original sentence). Second, the BOP could exercise its newly expanded authority to designate prisoners vulnerable to the virus for

placement in home confinement. *See* 18 U.S.C. § 3624; Opp. to Mot. for Compassionate Release, Dkt. No. 77, at 4. Fowler's email to the Warden asking about her eligibility for Covid-19 home confinement can be readily understood as a request for consideration according to this second mechanism. But as the government points out, there is "great overlap in the considerations between designation for home confinement under 18 U.S.C. § 3624 and compassionate release under 18 U.S.C. § 3582(c)(1)(A)." Opp. to Mot. for Compassionate Release, Dkt. No. 77, at 4. Prisoners cannot reasonably be expected, and should not be required, to distinguish between these twin mechanisms when submitting their requests to the warden. More than 30 days have lapsed since the warden received Fowler's request. Therefore, assuming for argument's sake only that courts cannot excuse the exhaustion requirement when considering motions for compassionate release, the Court may nonetheless consider Fowler's motion under section 3582(c)(1)(A).

Compassionate release is appropriate in Fowler's case. As the government acknowledges, Fowler, who has chronic asthma, "presents an extraordinary and compelling reason" warranting compassionate release, "[g]iven the current pandemic and the likelihood that [she] would potentially suffer severe symptoms due to her personal health characteristics" if she contracted Covid-19. Opp. to Mot. for Compassionate Release, Dkt. No. 77, at 13. And Fowler, who has never been arrested or convicted for committing violent crime, is not a danger to the community. After considering all the sentencing factors listed in 18 U.S.C. § 3553(a), the Court concludes that they support a sentence of home confinement. Thus, Fowler's motion for compassionate release is granted on the condition that she spend the unserved portion of her sentence in home confinement.

**IT IS SO ORDERED.**

Dated: June 6, 2020

_____
VINCE CHHABRIA
United States District Judge